IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STAN KRESS, DAVID NEUMANN, AND IDAHO SCHOOLS FOR EQUAL EDUCATIONAL OPPORTUNITY (ISEEO), an Unincorporated Association,<br><br>   Plaintiffs,<br><br>   v.<br><br>JUSTICE LINDA COPPLE-TROUT, JUSTICE JAMES JONES, JUSTICE ROGER BURDICK, JUSTICE *PRO TEM* DANIEL L. HURLBUTT,<br><br>   Defendants. | Case No. CV-07-261-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion to Dismiss (Docket No. 6), Plaintiffs' Motion for Summary Judgment (Docket No. 9), and Plaintiffs' Motion to Strike Two Portions of Affidavit of Stephen W. Kenyon (Docket No. 29). The Court heard oral argument on the motions on November 28, 2007, and now issues the following decision.

**Memorandum Decision and Order - 1**

## BACKGROUND

After more than a decade of litigation in the Idaho State courts, including a number of appeals to the Idaho Supreme Court, Idaho State Court Judge Deborah Bail granted declaratory judgment against the State of Idaho in an action challenging the adequacy and method of funding public education in Idaho.  See Huntley Aff., Ex. A, pp. 13-14, Docket No. 12.  Judge Bail concluded that Idaho's school funding system was unconstitutional because the Legislature's plan to rely only on loans to pay for major repairs or replacement of unsafe school buildings was inadequate.  Id. at p. 4.  The State of Idaho appealed the decision, but on December 21, 2005 the Idaho Supreme Court affirmed Judge Bail's decision.  *Id.*  In its opinion, the Idaho Supreme Court found that "the current funding system is simply not sufficient to carry out the legislature's duty under the constitution."  Id.  However, the Idaho Supreme Court went on to state that the "appropriate remedy . . . must be fashioned by the [Idaho] Legislature and not [the Idaho Supreme] Court."  *Id.*

In its decision, the Idaho Supreme Court listed a number of potential remedies, but left the ultimate decision to the Idaho Legislature.  *Id.*  The Idaho Supreme Court stated that it was "firmly convinced the Legislature will carry out its constitutional duties in good faith and in a timely manner."  *Id.*  The Idaho

**Memorandum Decision and Order - 2**

Supreme Court then stated that it would not remand the case to the district court, but would "retain jurisdiction to consider future legislative efforts to comply with the constitutional mandate to provide a safe environment conducive to learning so that we may exercise our constitutional role in interpreting the constitution and assuring that its provisions are met."  *Id.*

On January 12, 2006, the Idaho Supreme Court issued its standard Remittitur, stating that "having announced its Opinion in this cause December 21, 2005, which has now become final . . . IT IS HEREBY ORDERED that the District Court shall forthwith comply with the directive of the Opinion, if any action is required."  See Huntley Aff., Ex. B, Docket No. 12.

On April 20, 2006, Plaintiffs filed a report with the Idaho Supreme Court advising the court that during the 2006 legislative session the Idaho Legislature failed to adequately fulfill its constitutional mandate regarding funding of the public school system.  See Huntley Aff., Ex. C, Docket No. 12.  Plaintiffs requested that the Idaho Supreme Court release its retention of jurisdiction and provide directions to Judge Bail on how to proceed with a remedial phase of the case.  *Id.*

On May 25, 2006, at an informal scheduling conference in the case and a related matter, Plaintiffs' counsel asked the Clerk of the Court about the status of

**Memorandum Decision and Order - 3**

the case. The Clerk replied that the case was over. See Huntley Aff., Docket No. 12. Counsel sought clarification by stating, "You mean it's over in the Supreme Court?" *Id.* The Clerk responded, "No, it's over." *Id.* Plaintiffs' counsel sought further clarification by asking whether the Clerk meant that the case was over on both the district and supreme court levels. The Clerk responded that it was. *Id.* No formal decision formalized the Clerk's pronouncement.

On December 1, 2006, in an Order titled "Decision and Order Re: Status of Pending Motions" Judge Bail stated that "because the Idaho Supreme Court has retained jurisdiction and has not remanded any aspect of the remedial phase to the trial court at this time, no action will be taken on any pending motions because this Court lacks jurisdiction to consider them." See Huntley Aff., Ex. E, p. 9, Docket No. 12.

On February 20, 2007, the Idaho Supreme Court issued an Amended Remittitur, stating that the "Court having announced its Opinion in this cause December 21, 2005, which has now become final . . . IT IS HEREBY ORDERED that this appeal is CLOSED and consistent with the Remittitur issued February 20, 2007, in *State of Idaho v. District Court of the Fourth Judicial District*, Docket No. 29203, the District Court shall have no further jurisdiction in this matter." See Huntley Aff., Ex. F, Docket No. 12.

**Memorandum Decision and Order - 4**

On June 6, 2007, in response to Plaintiffs' motion for clarification, the Idaho Supreme Court filed an "Order Denying Motion for Clarification of Amended Remittitur." (See Huntley Aff., Ex. H, Docket No. 12) Plaintiffs filed their Complaint in this Court one week later on June 13, 2007. In their Complaint, Plaintiffs seek an order requiring the Idaho Supreme Court to direct or allow the state district court to conduct a remedial phase of the trial. Alternatively, Plaintiffs seek a declaratory judgment that the Idaho Supreme Court violated Plaintiffs' due process rights.

## ANALYSIS

**I.     Motion to Dismiss**

Defendants ask this Court to dismiss this case pursuant to the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments, because jurisdiction over such appeals is vested exclusively with the United States Supreme Court. See *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine states that "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application

**Memorandum Decision and Order - 5**

for relief, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

The doctrine does not, however, prohibit a plaintiff from presenting a generally applicable legal challenge to a state statute or rule in federal court, even if the statute or rule has previously been applied against the plaintiff in state court litigation. *See Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005). Moreover, the Supreme Court recently observed that neither *Rooker* nor *Feldman* elaborated a rationale for a wide-reaching bar on jurisdiction of lower federal courts, and the cases since *Feldman* have emphasized the narrowness of the *Rooker-Feldman* rule. *See Lance*, 546 U.S. at 464. The Supreme Court has also explained that *Rooker-Feldman* is "a narrow doctrine, confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*; (citing *Exxon Mobil Corp.*, 544 U.S. at 286.

**Memorandum Decision and Order - 6**

This case does not fit that narrow definition. Plaintiffs do not complain about a state-court judgment. In fact, Plaintiffs are not the state-court losers; Plaintiffs prevailed on both the lower court level and on appeal to the Idaho Supreme Court with respect to their claim that the current school funding system in Idaho is insufficient to carry out the legislature's duty under the Idaho Constitution. See Huntley Aff., Ex. A, p. 13, Docket No. 12.

Instead, Plaintiffs take issue with the apparent lack of a remedy and final judgment. As outlined above, the Idaho Supreme Court affirmed the lower court's declaratory judgment, and retained jurisdiction over the matter, clearly indicating that the state district court would have no further jurisdiction to fashion a remedy. See Huntley Aff., Exs. A&F, Docket No. 12.

However, what the Idaho Supreme Court did from that point is more difficult to unravel. On the one hand, the Idaho Supreme Court indicated that it was retaining jurisdiction "to consider future legislative efforts to comply with the constitutional mandate" so that the court could "exercise [its] constitutional role in interpreting the constitution and assuring that its provisions are met." *Id.* This seemed to suggest that the Idaho Supreme Court would oversee the legislature's compliance with its decision. On the other hand, when Plaintiffs attempted to reopen the case to establish that the Idaho legislature did nothing during its 2006

**Memorandum Decision and Order - 7**

session to cure the constitutional deficiency in the funding of public schools, Plaintiffs were met with an informal announcement from the Clerk of the Court that the case was over. Plaintiffs later received an order from the Idaho Supreme Court informing them that the appeal was closed. *Id.* No other explanation was provided.

Thus, Plaintiffs are seemingly stuck in limbo. They have succeeded on the merits before both the state district court and the Idaho Supreme Court. However, they have been neither granted nor expressly denied a remedy by the Idaho Supreme Court. It is unclear whether they have any further remedies before the Idaho Supreme Court. It is equally unclear whether they have a final decision that they could appeal to the United States Supreme Court.

Because the Idaho Supreme Court has retained jurisdiction, Plaintiffs cannot seek a remedy through the state district court, and they have nothing to appeal to the United States Supreme Court. Likewise, Plaintiffs cannot seek further relief from the Idaho Supreme Court because the appeal has been closed. Assuming, without deciding, that Plaintiffs' quandary entitles them to assert a Fourteenth Amendment due process claim, it is clear that such a claim (1) is not one asserted by a state-court loser complaining of injuries caused by a state-court judgment, and (2) does not invite the exercise of appellate jurisdiction over a final state-court

**Memorandum Decision and Order - 8**

judgment. Therefore, the *Rooker-Feldman* doctrine does not bar Plaintiffs' action. Accordingly, the Court will deny Defendants' Motion to Dismiss.

## II.  Motion for Summary Judgment

### A.  Summary Judgment Standard of Review

Summary judgment is "not a disfavored procedural shortcut," but is instead the "principal tool [ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any

**Memorandum Decision and Order - 9**

affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

**B.      Questions of Fact Remain**

Plaintiffs assert, and Defendants agree, that Idaho's school children have a right to a thorough public education. Plaintiffs contend, however, that the Idaho Supreme Court's refusal to allow a remedial phase in the state-court matter violates Plaintiffs' due process right to provide Idaho's children with that education. Plaintiffs seek an order requiring the Idaho Supreme Court to direct or allow the state district court to conduct a remedial phase of the trial. Alternatively, Plaintiffs seek a declaratory judgment that the Idaho Supreme Court violated Plaintiffs' due process rights. At this point, the Court cannot conclude that Plaintiffs are entitled to summary judgment on these claims.

The disputed issues of fact that preclude summary judgment all relate to the Idaho Supreme Court's lack of clarity in its decisions and pronouncements. The court at least suggested that it would supply Plaintiffs with a remedy for their claims when it observed that it was "firmly convinced the [Idaho] Legislature will carry out its constitutional duties in good faith and in a timely manner," and then "retain[ed] jurisdiction to consider future legislative efforts to comply with the constitutional mandate to provide a safe environment conducive to learning so that we may exercise our constitutional role in interpreting the constitution and assuring that its provisions are met." See Huntley Aff., Ex. A, p. 14, Docket No. 12. At first blush, one would read this pronouncement as indicating that the Idaho Supreme Court "retained jurisdiction" over the case, not to deprive the district court of the ability to fashion a remedy, but to fashion its own remedy if the Idaho Legislature failed to fulfill its constitutional obligation. Under this interpretation of the Idaho Supreme Court's decision, there is no apparent violation of the Plaintiffs' due process rights.

However, the waters were soon muddied. When Plaintiffs filed with the Idaho Supreme Court a report explaining that the Idaho Legislature did nothing to address the funding problem during its 2006 legislative session, and asked the court for a remedy phase, the Clerk of the Court informed Plaintiffs that the case

**Memorandum Decision and Order - 11**

was over.  The Idaho Supreme Court then closed the appeal.  This action suggests that the court did not intend to provide Plaintiffs with a remedy for the acknowledged violation of the Idaho Constitution after all.

Thus, the current posture of the case is uncertain.  It is unclear how, or whether, the Idaho Supreme Court intends to proceed in ". . . exercis[ing] [its] constitutional role in interpreting the constitution and assuring that its provisions are met."  Id.  The evidence before the Court leaves this Court asking a series of questions: (1) has the Idaho Supreme Court expressly refused to provide Plaintiffs with a remedy by closing the appeal, but retaining jurisdiction; (2) has the Idaho Supreme Court effectively refused to provide Plaintiffs with a remedy by refusing to set any reasonable time-lines for a remedy phase of the case; and (3) does the Idaho Supreme Court intend to take other steps to ensure that the state legislature complies with the Idaho Constitution.  The scenario suggested by the first question would appear to create a due process violation.[1]  The scenarios suggested by the second and third questions may or may not constitute a due process violation

---

[1] The Court wishes to make clear, however, that the nature of the motion before the court – a motion for summary judgment filed by the Plaintiffs – make it unnecessary to determine at this stage in the proceedings whether the failure to provide a remedy for an acknowledged violation of state constitutional rights implicates an aggrieved party's rights under the Due Process Clause of the Fourteenth Amendment.  Likewise, the Court by this decision does not intend to foreclose the Defendants from asserting other defenses to the Plaintiffs' claims.  Those issues need not be addressed at this time.

**Memorandum Decision and Order - 12**

depending on the steps contemplated and taken by the Idaho Supreme Court.

Because the posture of the case involves questions of fact, the Court will deny Plaintiffs' motion for summary judgment. The Court will set this case for a scheduling conference for the purpose of setting discovery and motion deadlines. However, in the interest of judicial economy, and to save the State of Idaho and its taxpayers unnecessary expenses associated with this case, the Court will note that an expedited order by the Idaho Supreme Court clarifying the posture of the state-court action may be all that is needed to facilitate a quick and inexpensive resolution of this case. Such an order would likely relieve the parties of the need to propound written discovery requests or conduct depositions. Therefore, the Court suggests that the parties meet and confer about whether such an option is possible, and be ready to update the Court on this possibility at the scheduling conference.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Docket No. 6) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment (Docket No. 9) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiffs' unopposed Motion to Strike Two Portions of Affidavit of Stephen W. Kenyon (Docket No. 28) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court set this case for a Telephone Scheduling Conference.



DATED:  **February 7, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 14**