IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STAN KRESS, et al., ) | |
| ) | Case No. CV-07-261-S-BLW |
| Plaintiffs, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| JUSTICE LINDA COPPLE-TROUT, ) et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## INTRODUCTION

The Court has before it Defendants' Motion to Reconsider (Docket No. 46) and Plaintiffs' Motion to Strike (Docket No. 59). The Court heard oral argument on the motions on May 1, 2008, and now issues the following decision.

## BACKGROUND

The background of this matter is fully set forth in the Court's earlier Memorandum Decision and Order (Docket No. 44). At this point, the Court will simply note that in its earlier decision, the Court denied Defendants' Motion to Dismiss which requested dismissal based on the *Rooker-Feldman* doctrine. Defendants now ask the Court to reconsider its decision by addressing Defendants' separate contention that Plaintiffs cannot seek a writ of mandamus.

**Memorandum Decision and Order - 1**

## ANALYSIS

I.      Motion to Reconsider Standard of Review

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress.  While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone.  Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson,* 225 U.S. 436, 444 (1912).  "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous.  There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation,* 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must be balanced with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988).  "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the

**Memorandum Decision and Order - 2**

availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

Defendants ask this Court to reconsider its Order denying Defendants' motion to dismiss. In their motion to dismiss, Defendants asked the Court to dismiss Plaintiffs' claim for mandamus relief. At oral argument on the motion, Plaintiffs informed the Court that they were no longer seeking mandamus relief, and the parties focused their arguments on the *Rooker-Feldman* doctrine. Accordingly, the Court did not address the mandamus issue in its earlier order. However, Defendants' now contend that, regardless of how they attempt to define their remaining claims, Plaintiffs' Complaint ultimately seeks only mandamus relief, which is not allowed under the circumstances of this case. Defendants therefore suggest it would be clear error to allow the case to proceed.

## II. Defendants' Motion to Reconsider

Federal action in the nature of mandamus is authorized under 28 U.S.C. § 1361, which states that federal courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However,

**Memorandum Decision and Order - 3**

"federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . . ." *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966). Thus, mandamus relief is limited to federal officials and agencies.

Plaintiffs contend that they are not seeking mandamus relief. Instead, they suggest that they are asking for injunctive or declaratory relief. The United States Supreme Court has determined that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). However, Courts throughout the United States have ruled that a request for injunctive or declaratory relief, which asks a federal court to order a state officer or agency to perform certain duties, is not a request for injunctive or declaratory relief – it is a request for a writ of mandamus. *See e.g.*, *Oliver v. Superior Court of Plymouth County*, 799 F.Supp. 1273, 1274 (D.Mass. 1992) (plaintiff's ostensible request for injunctive relief against the Superior Court, asking the court to perform various administrative functions, is a request for a writ of mandamus); *National Wildlife Federation v. U.S.*, 626 F.2d 917, 918 (D.C. Cir. 1980) (an action purportedly requesting a mandatory injunction against a federal official is analyzed as a request for mandamus relief, despite appellate's suggestion otherwise); *Johnson v. Bigelow*, 2007 WL 1170756, *1 (5th

**Memorandum Decision and Order - 4**

Cir. 2007) (Court acknowledged that judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions, but federal courts have no authority to direct state courts or their judicial officers in the performance of their duties).

Here, Plaintiffs suggest that the question of ordering the Idaho Supreme Court act is not yet before this Court. Plaintiffs contend that their claim is not one for mandamus relief because Plaintiffs are simply asking this Court to issue a declaratory judgment that Defendants violated their constitutional rights. Significantly, however, Plaintiffs admit that if Defendants fail to honor such a declaratory or injunctive relief, Plaintiffs will request affirmative action by Defendants.

Under these circumstances, it is clear Plaintiffs are attempting to re-define a request for mandamus relief as one for declaratory relief. As discussed above, the Court cannot do this. Plaintiffs' claim has all the indicia of a request for mandamus relief, and this Court cannot construe it as anything but a request for mandamus relief. As the saying goes, if it looks like a duck, swims like a duck and quacks like a duck, then it's a duck. Accordingly, because "federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties," this Court is without jurisdiction to

**Memorandum Decision and Order - 5**

consider Plaintiffs' claim.  *Clark*, 366 F.2d at 681; *see also Johnson v. Bigelow, 2007 WL 1170756, \*1 (5th Cir. 2007)*.  Thus, the Court will, after careful reconsideration of its prior decision, grant  Defendants' Motion to Dismiss.

## II.     Motion to Strike

Plaintiffs ask the Court to strike portions of Defendants' reply brief.  The Court will deem moot the motion because the contested information is not relevant to the Court's decision.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Reconsider (Docket No. 46) shall be, and the same is hereby GRANTED.

IT IS FURTHER ORDERED that the Court will reconsider its decision to deny Defendants' Motion to Dismiss (Docket No. 6).  Defendant's Motion to Dismiss (Docket No. 6) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike (Docket No. 59) shall be, and the same is hereby, DEEMED MOOT.

The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.

**Memorandum Decision and Order - 6**



DATED:  **May 16, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 7**